SCHINDLER v. ZUBERBUEHLER et al.
Civ. A. No. 7812.

District Court, E. D. Pennsylvania.

Feb. 18, 1948.

---

Samuel D. Engelbach, of Philadelphia, Pa., for plaintiff.

Paul A. Liebman and Maurice Stern, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This case arises on a motion to dismiss the complaint. Plaintiff is seeking triple damages under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., for an alleged overpayment of rent. Briefly, the facts as alleged are these: Plaintiff, in March, 1945, rented the premises at 6717 Souder St., Philadelphia, from defendants, through their agent, at a monthly rental of $55.00. Plaintiff remained in possession until December, 1946, when he was forced to move by eviction proceedings brought by defendants, owners of the property. During his tenure, plaintiff did not have the use of the garage adjacent to the premises, which was used by defendants for storage purposes. As a result, plaintiff rented a garage in the neighborhood for $5.00 a month. Plaintiff's action was originally against the owners of the property and their agent, Joseph H. Mursch, but the latter is now deceased. Plaintiff concedes that this action against defendant Mursch is thereby barred.

After his eviction, plaintiff made inquiry to the Philadelphia office of Price Administration and was informed that defendants had never filed a registration for the premises, as they were compelled to do by the law. The OPA as a result of plaintiff's inquiry, requested defendants to file a Delinquent Registration, which they did on May 5, 1947. In the Registration defendants indicated that the monthly rental for the premises was $55.00 and that the services included use of a garage. Upon further complaint by plaintiff and investigation by the OPA on August 20, 1947, an order was issued by the agency reducing the rent for the premises, but not retroactively. The order read, inter alia: "* * * it is ordered that the Maximum Rent for the above described housing accommodations be, and it hereby is changed from $55.00 to $47.50 per month. This order issued August 20, 1947, and is effective on * * *. The next rent payment date." Plaintiff contends that he is entitled to triple damages, under the law, for any rent payments during his tenure of a sum over $47.50, and that his "overpayment" includes not only the money paid directly to defendants or their agents, but the $5.00 monthly his garage cost him, as well. Without going into the question of whether the one year statute of limitations bars most of the relief sought, which defendants urge, I feel that plaintiff's action must be dismissed for two reasons. First, the payment of $55.00 per month from March, 1945, to December, 1946, was not in excess of the maximum legal rent, because the OPA order did not reduce the rent below that amount retroactively; i. e., only after August 20, 1947 was the maximum legal rent for the premises $47.50. Second, the fact that plaintiff was not actually receiving the services to which he was entitled was a ground for reduction of rent, upon application to the OPA, but not for an independent suit for overpayment. Therefore, the motion to dismiss the complaint will be granted.